UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL R. MANIZAK,

    Plaintiff,                            No. 13-10346

v.                                     District Judge George Caram Steeh
                                            Magistrate Judge R. Steven Whalen

ANDREW KELLEY, ET AL.,

    Defendants.

_____/

## ORDER

This is a *pro se* prisoner civil rights case brought under 42 U.S.C. § 1983. Plaintiff Paul Manizak is an inmate in the custody of the Michigan Department of Corrections. He has filed a motion to amend his complaint [Doc. #18] so as to clarify that because he was a pretrial detainee at the time his claim of deliberate indifference to his serious medical condition accrued, that claim is based on the Fourteenth Amendment, not the Eighth Amendment.

Under the Fourteenth Amendment, pretrial detainees have a right to medical treatment that is analogous to the right of prisoners under the Eighth Amendment. *Bruederle v. Louisville Metro Gov't,* 687 F.3d 771, 776 (6th Cir .2012). The standard under either constitutional provision is "deliberate indifference." *Harris v. City of Circleville,* 583 F.3d 356, 367 (6th Cir.2009).

Because Plaintiff has now identified the correct constitutional provision, his motion to amend [Doc. #18], which is more akin to a clarification, is GRANTED.[1]

IT IS SO ORDERED.

s/ R. STEVEN WHALEN
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: May 8, 2013

I hereby certify that a copy of the foregoing document was sent to parties of record on May 8, 2013. electronically and/or by U.S. mail.

s/Mchael Williams
Relief Case Manager for the Honorable
R. Steven Whalen

---

[1] Plaintiff filed an amended complaint by right on February 21, 2013 [Doc. #7], that adds certain Defendants and deals primarily with issues relating to his arrest and conviction. This amended complaint does not address deliberate indifference to his medical condition. While an amended complaint typically supercedes a previously filed complaint, the Court will in this case give the Plaintiff some latitude, given that he is a *pro se* prison inmate, and consider that the original complaint [Doc. #1] is still operative as to the deliberate indifference claims. *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").