UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL R. MANIZAK,

    Plaintiff,                                         No. 13-10346

v.                                            District Judge George Caram Steeh
                                                    Magistrate Judge R. Steven Whalen

ANDREW KELLEY, ET AL.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This is a *pro se* prisoner civil rights case brought under 42 U.S.C. § 1983. Plaintiff Paul Manizak is an inmate in the custody of the Michigan Department of Corrections. He has raised a claims regarding incidents occurring while he was a pretrial detainee, including alleged deliberate indifference to his medical needs. Before the Court at this time is his self-styled Motion for a writ of Habeas Corpus in a[n] Evidentiary Hearing to Demonstrate that I'm in Custody in Violation of the Constitution and Laws of the United States [Doc. #15]. The matter has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Motion be DENIED.

### I.    BACKGROUND

    Plaintiff filed his *pro se* complaint on January 29, 2013. On February 28, 2013, the Court entered an Opinion and Order of Partial Dismissal [Doc. #11], dismissing claims relating to his criminal proceedings and conviction, under the authority of *Heck v. Humphrey*, 512 U.S. 477(1994)("holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily

render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254." *Opinion*, at 3-4.).

The present motion for writ of habeas corpus raises the very claims that have been dismissed.

## II.   DISCUSSION

First, there is no basis for Plaintiff to request a writ of habeas corpus in the context of a civil complaint filed under § 1983. Indeed, the claims relating to Plaintiff's conviction have already been dismissed under *Heck v. Humphrey*. I also note that Plaintiff has separately filed two habeas corpus petitions under 28 U.S.C. § 2254, both of which were dismissed because Plaintiff had not exhausted his state court remedies. *See Manizak v. Napolean*, No. 12-13586, Dkt. #16; *Manizak v. Haas*, No. 13-10789, Dkt. #7. In the latter case, Judge Goldsmith, citing *People v. Manizak*, No. 314541 (Mich. Ct. App.), *available at* http://courts.mi.gov/opinions_orders/case_search/pages/default.aspx, noted that Plaintiff's criminal case was pending on appeal in the Michigan Court of Appeals. In fact, Plaintiff's case is *still* pending in the Michigan Court of Appeals. Thus, his claims are still barred by *Heck v. Humphrey*, and he has still not exhausted his state remedies for purpose of § 2254. There is absolutely no basis to even consider the relief that Plaintiff seeks in this motion.

## III.   CONCLUSION

I therefore recommend that Plaintiff's Motion [Doc. #15] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D.

Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: January 15, 2014            s/ R. Steven Whalen
                                   R. STEVEN WHALEN
                                   UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 15, 2014, electronically and/or by U.S. Mail.

                                   s/Michael Williams
                                   Case Manager to the
                                   Honorable R. Steven Whalen